UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY WAYNE SWAIN
WASHINGTON, JR,

    Plaintiff,

v.                                                  Case No: 6:24-cv-1484-JSS-LHP

TRANSPORTATION AND
SECURITY ADMINISTRATION,

    Defendant.
_____/

## **ORDER**

On November 22, 2024, Plaintiff, proceeding pro se, filed what is styled on the docket as a Motion for Permanent Injunction. (Motion, Dkt. 26.) Upon review, however, this filing appears to be an objection to two orders entered by United States Magistrate Judge Leslie Hoffman Price denying Plaintiff's motions to amend his complaint, (Dkts. 22 & 24). (*See* Dkt. 26 at 1 ("I submit a motion to appeal ruling dated November 12, 2024 . . . and dated November 19, 2024 . . . to the court of appeals . . . .").) The court thus construes Plaintiff's Motion as an objection to Judge Hoffman Price's orders.

"An order disposing of a motion to amend is a non-dispositive pretrial ruling." *Palmore v. Hicks*, 383 F. App'x 897, 899–900 (11th Cir. 2010); *see Austin v. Glynn County*, No. 2:20-cv-73, 2020 WL 7081531, at *2 (collecting cases and noting that "[t]he view that a motion to amend, even when based on futility, is non-dispositive is also shared

by other Circuit courts"). A district court may reverse, affirm, or remand with instructions to modify a magistrate judge's order on a non-dispositive pretrial motion. 28 U.S.C. § 636(b)(1)(A). "Pursuant to the Federal Magistrate's Act, a district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly erroneous or contrary-to-law standard." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Tempay, Inc. v. Biltres Staffing of Tampa, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. United Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Id.* (quotation omitted).

Judge Hoffman Price denied Plaintiff's motions to amend his complaint for failure to "explain how any further amendment of his complaint at this time would result in any plausible claims for relief." (Dkt 22 (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004)); *see* Dkt. 24.) This was because Plaintiff spent the bulk of his motions challenging the dismissal of AW Washington Consulting, LLC, and failed to indicate why he was entitled to the injunctive relief he requested. (*See id.*) Accordingly, Judge Hoffman Price determined that the amendments would be futile. (*See id.*) In his Motion, Plaintiff does not assert that Judge Hoffman Price's orders were either clearly erroneous or contrary to law. (*See* Dkt. 26.) Instead, he complains of this court's prior order dismissing AW Washington Consulting, LLC as

a party[1] and restates his claims against Defendant and the relief that he is seeking. (*See id.*)  Thus, Plaintiff has not shown any error in Judge Hoffman Price's decision, nor did the court identify any errors.  Accordingly, the court **OVERRULES** Plaintiff's objections.

      **ORDERED** in Orlando, Florida, on December 20, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party

---

[1] Though it is not clear, Defendant may also be seeking reconsideration of the court's order dismissing AW Washington Consulting, LLC as a party to this matter, in line with the well-established rule that a corporation, as an artificial entity, cannot proceed pro se.  (*See* Dkts. 4 & 9.)  Even if Plaintiff had clearly moved for reconsideration, he has provided no grounds for the court to reconsider its prior orders.  *See McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007); *see also Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993) ("The [c]ourt's reconsideration of a prior order is an extraordinary remedy.  Exercise of this power must of necessity be used sparingly.").