# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANTHONY WAYNE SWAIN
WASHINGTON, JR ,

        Plaintiff,

v.                                          Case No:   6:24-cv-1484-JSS-LHP

TRANSPORTATION AND
SECURITY ADMINISTRATION and
DEPARTMENT OF
TRANSPORTATION,

        Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR MISCELLANEOUS RELIEF**   (Doc. No. 33)
>
> **FILED:**   December 9, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED.**

By this untitled, fifty-one-page motion, it is not clear what relief Plaintiff seeks, with Plaintiff stating that he "submit[s] a writ of error and writ of mandamus

to the . . . Eleventh Circuit Court of Appeals for ruling dated November 25, 2024," and then goes on to "motion the Court to enforce a discovery subpoena pursuant to Rule 45."  Doc. No. 33, at 1–2.  The November 25, 2024 Order (Doc. No. 29) was not an appealable Order, so the Court construes the filing as a motion for reconsideration of the November 25, 2024 Order, and for issuance of subpoenas under Federal Rule of Civil Procedure 45.  Upon review, the motion (Doc. No. 33) will be denied.

First, the motion does not comply with Local Rule 3.01(a) because it exceeds the page limitation for a motion, without leave of Court.  And although the motion lists several rules and statutes, Plaintiff does not explain how any of them authorize any requested relief.  Doc. No. 33.

Second, to the extent that Plaintiff seeks reconsideration of the November 25, 2024 Order, "[m]otions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice."  *Stallworth v. Omninet Village, L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) (citing *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006), *aff'd*, 215 F. App'x 879 (11th Cir. 2007))).  Plaintiff's motion (Doc. No. 33) fails to satisfy any of these standards.

Finally, to the extent that Plaintiff again motions the Court for issuance of subpoenas, as the Court previously advised Plaintiff, no Defendant has yet been served or appeared in this case, and as such no case management conference has yet occurred and discovery has not yet opened; therefore, any attempts to obtain discovery are premature. *See* Fed. R. Civ. P. 26(d)(1).

For these reasons, the motion (Doc. No. 33) is **DENIED**. Plaintiff is advised that although he proceeds *pro se* in this case, *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989). Failures to comply with applicable Local Rules and Federal Rules of Civil Procedure may result in the imposition of sanctions.

**DONE** and **ORDERED** in Orlando, Florida on January 3, 2025.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties